# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 2:19-CR-00003** |
| | ) | **JUDGE TRAUGER** |
| **HEATHER MARKS** | ) | |
| **HEMAL MEHTA** | ) | |

### DEFENDANTS' JOINT MOTION IN LIMINE NO. 3
### TO EXCLUDE THE MARKS-DUBRAY TEXT MESSAGE OF APRIL 4, 2017
### WITH INCORPORATED MEMORANDUM OF LAW

Come now the defendants, Heather Marks and Hemal Mehta, M.D., by and through undersigned counsel and hereby move this Honorable Court pursuant to Federal Rules of Evidence 401, 402, 403, 404(b), 801, 802 and 803 to exclude the attached April 4, 2017 text exchange between Kathryn Dubray and Heather Marks, wherein Ms. Dubray accused Ms. Marks of "overstepping [Ms. Marks'] bounds" and accusing another employee of accessing Dr. Mehta's charts with Heather Marks' knowledge. Attached as **Exhibit A**. During the June 28, 2021 exhibit review, the government indicated an intent to introduce the attached text thread during its case-in-chief.

Ms. Marks and Dr. Mehta respectfully submit that the proposed evidence is not relevant, will mislead and confuse the jury, and is perceived as potential bad acts evidence for which the government provided late notice. Moreover, Ms. Marks and Dr. Mehta submit that the text message is hearsay not subject to any exception and violates their confrontation rights. As such,

and for the reasons set forth below, Ms. Marks and Dr. Mehta move to exclude the April 4, 2017, text message.

## INTRODUCTION

The government has provided notice that it intends to introduce an April 4, 2017 text thread between Ms. Marks and Kathryn Dubray, one of the Health Resource Management employees. In the thread, Dubray accuses Ms. Marks of overstepping her bounds at work, claims to have a recording of Ms. Marks stating another employee accessed Dr. Mehta's charts, and threatens to close the business. *See* **Exhibit A**. The issues before the jury are whether or not certain prescriptions issued by Ms. Marks and approved by Dr. Mehta were medically necessary and in the course of professional practice. The proposed text thread has no relevance to the issues at hand under Rule 401, amounts to inadmissible prior "bad act" evidence under Rule 404(b), and even if there were some 404(b) exception, is unduly prejudicial, confusing, misleading and excludable pursuant to Rule 403. Moreover, the text thread is hearsay under Federal Rules of Evidence Rule 801 and is not subject to any exception. Lastly, to admit this hearsay text thread would violate Ms. Marks' and Dr. Mehta's right to confront and cross-examine the witnesses against them.

## RELEVANT FACTS

The Superseding Indictment in this case charges that, between September 2016 through May 2018, Heather Marks, an advanced nurse practitioner, and Hemal Mehta, M.D., conspired to distribute and dispense controlled substances without a legitimate medical purpose and outside the

course of professional practice in violation of 21 U.S.C. § 846. *See* D.E. 40, Superseding Indictment. The government has alleged nine substantive counts corresponding to nine patients treated by Ms. Marks and Dr. Mehta during the time period alleged in the conspiracy, all in alleged violation of 21 U.S.C. § 841(a)(1) and § 2. *Id.*

In September 2016, Ms. Marks began working with Dr. Mehta at Lifeforce Pain and Wellness located Carthage, Tennessee. Lifeforce Pain and Wellness was just opening and hired Ms. Marks as a nurse practitioner to see patients under the supervision of Dr. Mehta. Lifeforce was a small company with only a few employees. The employees and business were managed by Healthcare Resource Management, comprising of a mother-daughter team, Gia Ruggiero and Kathryn Dubray. When Ms. Marks started in September of 2016, she was the sole nurse practitioner at the clinic. Dr. Mehta was Ms. Marks' supervising physician and also the clinic's board-certified medical director.

This Joint Motion seeks to exclude a short series of text messages between Ms. Marks and Kathryn Dubray. See **Exhibit A**. The text message exchange indicates that Ms. Dubray is angry with Ms. Marks for "overstepping," and Ms. Dubray threatens to close the doors and send everyone home; Dubray adds that others are telling Dubray that Ms. Marks overstepped and was cruel. See **Exhibit A**. Ms. Marks and Dr. Mehta maintain that the texts are irrelevant, prejudicial and inflammatory, and suggest "bad acts" (overstepping and cruelty). Moreover, the texts from Ms.

Dubray are hearsay subject to no exception, the admission of which would violate Ms. Marks' and

Dr. Mehta's confrontation rights.[1]

<strong>LEGAL ANALYSIS</strong>

As set forth above, the Superseding Indictment charges Ms. Marks with conspiring with

Dr. Mehta, to issue prescriptions to patients that were not medically necessary. Ms. Marks' texts

on April 4, 2017 with Ms. Dubray, a member of the medical management staff, have no relevance,

are prejudicial, are inadmissible hearsay and would violate both defendants' right of confrontation.

Rule 402 of the Federal Rules of Evidence states that relevant evidence is generally admissible,

whereas irrelevant evidence is inadmissible. Fed.R.Evid. 402. Rule 401 provides a two-prong test

for determining whether evidence is relevant: "Evidence is relevant if (a) it has any tendency to

make a fact more or less probable that it would be without the evidence; and (b) the fact is of

consequence in determining the action." Fed.R.Evid. 401. Here, the attached text thread (*see*

**Exhibit A)** does not speak to the issue of whether the prescriptions issued by Ms. Marks while she

worked at Lifeforce were issued for a legitimate medical purpose in the course of professional

practice. The texts relate only to a staff issue pertaining to an employee, Yomyra. In the thread,

Ms. Dubray accuses Ms. Marks of overstepping boundaries, claiming that she (Dubray) makes

decisions, and that she (Dubray) has a recording where Ms. Marks said Yomyra accessed charts

---

[1] Ms. Dubray's counsel has advised that, if called, she will invoke her Fifth Amendment privilege and become unavailable.

pretending to be Dr. Mehta; Dubray also threatens to call the police if Yomyra enters Dubray's office. **Exhibit A**. The defense cannot conceive of any potential relevance regarding this text conversation. Moreover, the text thread is unclear, accusatory, and accuses Ms. Marks of cruelty without indicating specifically what occurred. *Id*. What is clear, however, is that the content of the proposed text message does not have anything to do with the charges in the indictment relating to prescribing.

Even if there were some remote relevance to the proposed texts, there is a significant risk of unfair prejudice and confusion of the issues if the government is allowed to admit this text thread. Rule 403 permits the exclusion of relevant evidence when its probative value is substantially outweighed by the danger of, among other things, unfair prejudice, confusion of the issues and misleading the jury. Fed.R.Evid. 403. Unfairly prejudicial evidence is evidence that "tends to suggest [a] decision on an improper basis." *United States v. Schrock*, 855 F.2d 327, 335 (6th Cir. 1988) (citing *United States v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir. 1986)). Thus, the text thread is inadmissible because it suggests Ms. Marks oversteps her bounds and is cruel; it is not relevant to her prescribing of medications.

Additionally, Ms. Marks and Dr. Mehta submit that the text thread is inadmissible hearsay. The statements of Ms. Dubray are based upon something that others are telling her. Ms. Dubray initially texts:

I want to know what the F--- is going on right now. You have totally overstepped your boundaries.  I am the one who makes decisions.  I say who does pas and when. I am not leaving to work with kids and leaving you to be the boss and if Yomyra steps foot in my office, I will call the cops.  I do have a recording of your saying she accessed our charts and pretended to be Dr. Metha. I'm on my way. This WILL NOT CONTINUE.  I will close these doors TODAY and EVERY ONE will leave.

**Exhibit A**.   Ms. Dubray then adds "I am getting stories from multiple people and it all seems to be that you totally overstepped your boundaries and were cruel."  **Exhibit A**.

Hearsay is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed.R.Evid. 801(c).  The hearsay rule applies to most out-of-court statements, but with several exceptions.  *See* Fed.R.Evid.  803.   Usually hearsay evidence is not admissible. Fed.R.Evid. 802.   Here, it appears that Ms. Dubray is angry at Ms. Marks based upon something someone else is saying.  Ms. Dubray threatens to close the business and "call the cops" if Yomyra goes in Ms. Dubray's office.  Ms. Dubray claims she has a recording of Ms. Marks and references that she is "getting stories" – hearsay—that make it seem that Ms. Marks has overstepped her bounds and is cruel.  Ms. Dubray's statements are irrelevant and inadmissible hearsay, subject to no exception.

Additionally, the admission of the text thread would violate both Ms. Marks' and Dr. Mehta's Sixth Amendment right to confrontation.   The Confrontation Clause prohibits the admission of out-of-court statements that are testimonial and offered for the truth of the matter asserted, unless "the declarant is unavailable, and . . . the defendant has had a prior opportunity to

cross examine." *Crawford v. Washington*, 541 U.S. 36, 59, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004); *see also United States v. Gibbs*, 506 F.3d 479, 486 (6th Cir. 2007). The Confrontation Clause is more rigid than the hearsay rule in terms of exceptions, but it applies to testimonial statements only:

> It applies to witnesses against the accused—in other words, those who bear testimony. Testimony, in turn, is typically a solemn declaration or affirmation made for the purpose of establishing or proving some fact. An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not.

*Davis v. Washington*, 547 U.S. 813, 823-24, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006) (quoting *Crawford*, 541 U.S., at 51) (internal quotations and citations omitted). If this text thread is admitted, Ms. Marks and Dr. Mehta will be unable to cross-examine Ms. Dubray (who is unavailable) about the content of these text messages in violation of their constitutional rights as set forth in *Crawford* and *Davis*. Moreover, the admission of the text thread is especially harmful to Dr. Mehta who also has no right to call Ms. Marks as a witness either. Thus, his confrontation rights are especially violated.

For all of these reasons, the text thread in **Exhibit A** should be excluded.

## CONCLUSION

Based upon the foregoing, Ms. Marks and Dr. Mehta request that the instant motion be granted and that the April 4, 2017 text exchange, attached as **Exhibit A,** be excluded from the government case-in-chief.

Respectfully submitted,


___/s/ **Jodie A. Bell**_____

JODIE A. BELL, No. 18336
214 Second Avenue North, Suite 208
Nashville, Tennessee 37201
(615) 953-4977
(615) 928-1901  facsimile
jodie@attorneyjodiebell.com


___/s/ **Paul J. Bruno**_____

PAULJ. BRUNO, No. 17275
302 North Spring Street
P.O. Box 398
Murfreesboro, Tennessee  37133
(615) 896-4154
(615) 896-4152  facsimile
pauljbruno@bfhelaw.com

Counsel for Ms. Marks



 /s/ ***Kimberly S. Hodde*** *(with permission)*
Kimberly S. Hodde
Hodde & Associates
40 Music Square East
Nashville, TN 37203

Counsel for Dr. Mehta

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and exact copy of the foregoing Motion was filed electronically and served on the following:

Leslie Fisher
United States Department of Justice
Fraud Section, Criminal Division
110 9th Avenue South, Suite A-961
Nashville, TN 37203


This the 22nd day of July 2021.

/s/ Jodie A. Bell
JODIE A. BELL